EDOK - Application for Search Warrant (Revised 5/13)

# United States District Court
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In the Matter of the Search of:<br>The premises located at 112482 S 4723 Rd., Muldrow, Oklahoma 74948, Sequoyah County, Eastern District of Oklahoma | Case No. 25-MJ-3-DES |

## APPLICATION FOR SEARCH WARRANT

I, Madison Rebel, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the **EASTERN** District of **OKLAHOMA** *(identify the person or describe property to be searched and give its location)*:

**SEE ATTACHMENT "A"**

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT "B"**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☒ evidence of a crime;
☒ contraband, fruits of crime, or other items illegally possessed;
☒ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of Title 18 U.S.C. § 922(g)(1), and the application is based on these facts:

☒ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Madison Rebel*
Madison Rebel, Special Agent
ATF

Sworn to:

Date: January 3, 2025

City and state: Muskogee, Oklahoma

*Judge's signature*
D. EDWARD SNOW
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

**Affidavit in Support of an Application
Under Rule 41 for a Warrant to Search and Seize**

I, Madison Rebel, being first duly sworn under oath, depose and state:

**Introduction and Agent Background**

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant search the premises located at 112482 S 4723 Rd., Muldrow, Oklahoma 74948, Sequoyah County, Eastern District of Oklahoma, including outbuildings and vehicles on the curtilage premises, and any person on the premises that could conceal firearms upon their person, as further described in Attachment A, for the things described in Attachment B.

2. I am a federal law enforcement officer as defined under Rule 41(a)(2)(C) and am authorized to request this search warrant because I am a government agent who is engaged in enforcing federal criminal laws and I am within the category of officers authorized by the Attorney General to request such a warrant. I am a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). I have been employed in this capacity since July 2021, and I am currently assigned to the ATF Muskogee Field Office. I completed the Criminal Investigator Training Program required by the ATF in October 2021. I also completed Special Agent Basic Training required by ATF for all new special agents. I possess a Bachelor of Science degree in Biology, as well as a degree in Criminology. In connection with my official duties as an ATF Special Agent, I investigate criminal violations of federal firearms laws, federal arson laws, federal explosives laws, and federal narcotics laws.

3. I am familiar with the facts and circumstances of this investigation. The facts set forth in this affidavit are based on, knowledge obtained from other law enforcement officers, my review of documents related to the investigation, conversations with others who have personal knowledge of the

events and circumstances described herein, and review of open-source information including information available on the Internet. Because this affidavit is submitted for the limited purpose of establishing probable cause in support of the application for a search warrant, it does not set forth each and every fact I or others have learned during the course of this investigation.

4. Based on my training, experience, and the facts set forth in this affidavit, there is probable cause to believe that evidence of violations of Title 18 U.S.C. § 922(g)(1) (Felon in Possession of Firearms or Ammunition) will be located at 112482 S 4723 Rd., Muldrow, Oklahoma 74948, Sequoyah County, Eastern District of Oklahoma, including outbuildings and vehicles on the curtilage premises, and any person on the premises that could conceal firearms or controlled substances upon their person, as further described in Attachment A.

## Venue

5. A warrant may be issued to search for and seize any property that constitutes evidence of a criminal offense in violation of the laws of the United States." 18 U.S.C. § 3103a.

6. The requested search is related to the following violations of federal law:

    a. 18 U.S.C. § 922(g)(1) - Felon in Possession of a Firearm and/or ammunition.

7. I request this warrant under Federal Rule of Criminal Procedure 41(b)(1) as the property to be searched for and seized is located within the Eastern District of Oklahoma.

## Firearm Offenses Background

8. "The term 'firearm' means (A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device. Such term does not include an antique firearm." 18 U.S.C. § 921(a)(3).

9. "The term 'ammunition' means ammunition or cartridge cases, primers, bullets, or propellent powder designed for use in any firearm." 18 U.S.C. § 921(a)(17)(A).

10. Based on my training and experience, I have found that persons prohibited from lawfully possessing firearms and ammunition hide firearms, ammunition and receipts/invoices related to the acquisition and disposition of firearms in all areas of their property, including but not limited to their residence, outbuildings and vehicles. Additionally, individuals who are prohibited from lawfully possessing firearms and ammunition often maintain possession of their illegally possessed firearms and ammunition for long periods of time.

11. In my training and experience, one way in which felons typically gain access to firearms is through straw purchases. The straw purchase of a firearm is done when a prohibited person, such as a convicted felon, enlists the help of a non-prohibited person, such as a non-convicted felon, to purchase a firearm in a legal manner such as a purchase from an FFL licensed dealer. When the non-prohibited purchaser or "straw purchaser" purchases the firearm, they fill out paperwork (Form 4473) and state that they are buying the firearm for themselves. It is common for the straw purchaser of the firearm to be related to the presumed or soon to be illegal possessor of the firearm.

12. Through my training and experience, I am familiar with how ammunition is packaged for sale at retail establishments. Based on my training and experience in and around firearms, I know that retailers typically sell pistol ammunition in quantities of 20, 25 and 50 – and also in larger quantities in excess of 50 rounds.

## Probable Cause

13. This affidavit is written in support of an ongoing investigation into Joseph RIDDLE. On December 27, 2024, Sequoyah County Sheriff's Office (SCSO) Deputy Whitus was dispatched to the Baptist Health Hospital in Fort Smith, Arkansas to take a report of an assault that occurred within

Sequoyah County at the residence located at 112482 S 4723 Rd., Muldrow, Oklahoma 74948 (the Premises). Upon SCSO Deputy Whitus' arrival, he made contact with K.S. SCSO Deputy Whitus initially observed K.S.'s shirt to be covered in blood and her head to be wrapped. When SCSO Deputy Whitus asked K.S. what happened, she explained that she had gone to her ex-partner's (Joseph RIDDLE'S) residence to retrieve some of her belongings. While attempting to gather her belongings, RIDDLE put a firearm to her head several times ultimately striking her in the forehead. K.S. explained that she was bleeding profusely and at one point became unconscious. When she woke up, she asked for RIDDLE to call an ambulance to which RIDDLE refused. K.S. was able to get to her vehicle, which RIDDLE had relocated to the road, and drove to the hospital.

14. On December 31, 2024, myself along with SCSO Investigator Dwayne Frizzle interviewed K.S. in the presence of her mother, R.M., at the Sequoyah County Sheriff's Office located at 119 South Oak Street, Sallisaw, Oklahoma 74955.

15. During the interview, K.S. explained that this was not the first time she had been assaulted by RIDDLE. She further explained that RIDDLE had never struck her with the firearm but has previously held a firearm to her head. The assault on December 27, 2024, was the first time RIDDLE had struck her with a firearm.

16. When asked about her relationship with RIDDLE, K.S. stated that they were supposed to get married. She stated that her and RIDDLE had been living together, but RIDDLE had recently kicked her out.

17. When I asked K.S. to explain what happened on December 27, 2024, K.S. stated that she had texted RIDDLE asking if she could come over to retrieve some of her belongings from the residence.

18. K.S. explained that she had gone into the garage to grab some boxes to move her

belongings. RIDDLE was sitting on couch in the garage during this time. RIDDLE then asked K.S. , "What the fuck are you doing in my garage?" She stated that she was just grabbing some boxes and then would be heading back to Ft. Smith, Arkansas. RIDDLE then stood up from the couch and demanded K.S. to put the boxes down. During this time, RIDDLE had pointed a firearm at K.S.'s head. She stated that it was a black firearm resembling a 9mm, but did not get a clear look at the firearm.

19. As K.S. was walking out the garage with the boxes in hand, she felt a gun press against the back of her head/neck. She then kicked the boxes and asked RIDDLE to put the firearm away. She stated that she didn't understand why RIDDLE even had the firearm because she was not threatening him in any way. Once K.S. did not feel the firearm on her neck, she turned around and slapped him with an open hand hitting his beard.

20. The next thing she remembered was waking up on the ground and realizing she was covered in blood. During this time, K.S. was crying and begging for an ambulance which RIDDLE denied. R.M. stated that RIDDLE would not call and ambulance because he didn't want the police involved. K.S. explained that RIDDLE had active warrants out of Sebastian County.

21. I asked K.S. if she remembered the firearm striking her and she stated that she didn't even see it coming at her when she was struck. She stated that she had not time to defend herself. SCSO Investigator asked K.S. to clarify if the swipe at RIDDLE after he had put a firearm to the back of her head was a defensive response. She stated that yes and that she also told RIDDLE to get away from her. K.S. then talked about the bruising at the back of her head from RIDDLE pushing the gun into her neck/head.

22. In the past when RIDDLE has pointed a firearm at her head, K.S. stated he has pointed a 357-snub nose at her. She stated that the other times RIDDLE had held a gun to her head were in May

and August of this year. K.S. stated that she is aware of RIDDLE has faced other charges of physical assaults in the past to his father and previous pregnant wife.

23. I asked K.S. if she knew RIDDLE to have firearms. She stated yes and then described the firearms. She stated that there was a 375-snub nose, a 6.2 rifle, and a 12-gauge shotgun.

24. SCSO Investigator Frizzle asked K.S. if there was any reason that all the firearms were purchased by her. K.S. responded stating "Child Support". SCSO Investigator Frizzle asked K.S. if RIDDLE knew that he could not possess a firearm to which she stated yes.

25. I asked K.S. if RIDDLE had ever asked her to purchase a firearm for him. She stated that he has asked her along with his father. She stated that she had purchased all the firearms for him. I then asked K.S. why RIDDLE was having her purchase the firearms. K.S. explained that it was due to his failure to pay child support.

26. I asked K.S. if RIDDLE was ever specific in which firearm to purchase for him. She stated that the 6.2 rifle that was purchased at Atwood's in Arkansas explicitly asked for by RIDDLE. K.S. stated that RIDDLE went to Atwood's with her when she purchased the firearm. She stated the firearm was a lever action black and silver rifle with a scope affixed to the top. When K.S. had previously confronted RIDDLE about purchasing firearms on behalf of him and informing him that the ATF Form stated that it is illegal to do such, RIDDLE told her that was only an issue when it involved real bad guys.

27. Later in the day, SA Rebel missed a phone call from K.S. but was able to return a phone call. During the phone call K.S. spoke about an incident that occurred in November where she ended up in the hospital due to being extremely sick.

28. SA Rebel asked K.S. if she was aware of any medication or narcotics that RIDDLE used. K.S. stated that RIDDLE used marijuana just about daily. She stated RIDDLE either uses a pipe or a

bong to smoke marijuana. I know that under Title 18 United States Code Section 922(g)(3) it is unlawful for ant person to possess a firearm that is an unlawful user of or addicted to any controlled substance.

29. During my investigation, I discovered that Joseph RIDDLE is a convicted felon and thus prohibited from the possession of firearms and ammunition. Specifically, RIDDLE was convicted of a felony in Sebastian County, Arkansas (Case No. 66FCR-20-94) for one count of 5-26-401(b)(2)(A)(iii) – Nonsupport. A violation of 5-26-401(b)(2)(A)(iii) is a Class D Felony. A.C.A. § 5-26-401. A Class D Felony is punishable by a sentence not to exceed six (6) years. A.C.A. § 5-4-401(a)(5).

30. RIDDLE negotiated a plea of guilty and was sentenced to a suspended sentence of 60 months. It should be noted that on April 27, 2022, an arrest warrant was issued for RIDDLE on the previous mentioned case.

31. Additionally, I learned that on November 14, 2012, RIDDLE entered a plea of guilty to 3rd Degree Battery (Misdemeanor) and 2nd Degree Criminal Mischief in Crawford County, Arkansas (Case No. 17CR-12-203). RIDDLE received a suspended sentence of 12 months.

32. RIDDLE was also charged in Crawford County, Arkansas (Case No. 17CR-12-614) for 3rd Degree Domestic Battery (Felony) with a disposition of Nolle Prosequi due to the completion of anger management classes.

33. Furthermore, my investigation has continued to show that RIDDLE lives at the residence on top of the statements made by K.S. When conducting a query of RIDDLE'S driver's license, I observed that the residence address listed is 112482 S 4723 Rd., Muldrow, Oklahoma, 74948.

## Conclusion

34. Based on the information above, I submit that there is probable cause to search the premises located at 112482 S 4723 Rd., Muldrow, Oklahoma 74948, Sequoyah County Oklahoma, including outbuildings and vehicles on the curtilage premises, and any person on the premises that could conceal firearms upon their person, as further described in Attachment A, and seize the items described in Attachment B.

Respectfully submitted,

*Madison Rebel*

Madison Rebel, Special Agent
Bureau of Alcohol, Tobacco, Firearms & Explosives

Sworn to on January 3, 2025.

_____
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT A

## Property to be Searched

The property to be searched is the premises located at 112482 S 4723 Rd., Muldrow, Oklahoma 74948, Sequoyah County Oklahoma, Eastern District of Oklahoma (35.38388216944328, -94.61506532302671) further described as a parcel containing a white single-story house with a brown roof (as pictured below).



The property to be searched includes outbuildings and vehicles on the curtilage premises, and any person on the premises that could conceal firearms upon their person.

## ATTACHMENT B

### Particular Things to be Seized.

35. All items that constitute evidence, instrumentalities, and contraband of violations of Title 18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm or Ammunition, involving Joseph Charles RIDDLE including:

   a. Any and all Firearms and ammunition.

   b. Any and all documents, receipts, or evidence that would be related to the purchase, possession, or act of obtaining a firearm or ammunition. Any items pertaining to the possession, ownership and/or disposition of any firearm, to include but not limited to gun cases, ammunition, ammunition magazines, holsters, spare parts for firearms, firearms cleaning equipment, photographs and video tapes of firearms or person(s) in possession of firearms, acquisition or ownership documents, and receipts for the purchase and for repair of all of these items.

   c. Records to establish the persons who control, possess, or have custody or dominion over property searched and from which evidence is seized, to include but not be limited to: personal mail, checkbooks, personal identification, notes, other correspondence, financial documents, keys, photographs, leases, and bills.